**UNITED STATES of America, Appellee,**

v.

**Mohammed Y. AMINY, also known as Mohammed Yousf Aminy, Defendant–Appellant.**

**No. 891, Docket 93–1569.**

United States Court of Appeals, Second Circuit.

Argued Jan. 4, 1994.

Decided Jan. 27, 1994.

Joseph Nocella, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. for the E.D.N.Y., Peter A. Norling, Asst. U.S. Atty., Brooklyn, NY, on the brief), for appellee.

Susan G. Kellman, New York City (Kellman & London, New York City, on the brief), for defendant-appellant.

Before: TIMBERS, KEARSE, and LEVAL, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Mohammed Y. Aminy appeals from a judgment of the United States District Court for the Eastern District of New York, Denis R. Hurley, *Judge,* convicting him, following a jury trial, of conspiring to import heroin, in violation of 21 U.S.C. §§ 960 & 963 (1988), importing heroin, in violation of *id.* § 952(a) (1988), and possessing heroin with intent to distribute, in violation of *id.* §§ 841(a)(1) & 841(b)(1)(B)(i) (1988). He was sentenced principally to three concurrent 140–month terms of imprisonment, to be followed by three concurrent five-year terms of supervised release. On appeal, Aminy contends principally that the trial court's admission of evidence that at the time of his arrest he possessed .334 grams of heroin violated both Fed.R.Evid. 404(b) and a stipulation between the parties regarding that heroin. We find no basis for reversal.

In September 1991, Aminy's codefendant Mohammed Daud Sayedi was arrested at John F. Kennedy International Airport in New York attempting to smuggle 814.5 grams of heroin in an attaché case into the United States. Sayedi agreed to cooperate with law enforcement agents. In a consensually monitored telephone call to Aminy, Sayedi said that Aminy's brother had given him a box to deliver to Aminy; Aminy said he would come to the airport to pick up Sayedi.

While Sayedi waited in the airport lobby, several men and a woman with a baby approached and greeted him; the men were detained by the agents. When Aminy arrived, he and Sayedi greeted each other, and Sayedi gave Aminy the attaché case containing the heroin. At that point, the woman with the baby screamed that the men she had come with had been arrested, and Aminy tried to give the attaché case back to Sayedi.

Aminy was arrested and was found to be carrying .334 grams of heroin wrapped in tinfoil. He was eventually indicted on the conspiracy, importation, and possession-with-intent-to-distribute charges listed above. Aminy's defense was that when he met Sayedi at the airport and took the attaché case, Aminy was unaware that the case contained heroin. Prior to trial, Aminy and the government stipulated that the .334–gram quantity of heroin Aminy had had on his person was "consistent with personal use and not consistent with intent to distribute." Aminy's attorney informed the court that he would raise "knowledge and intent as an issue" with respect to the 814.5 grams of heroin in the attaché case; and he proceeded to do so in his opening statement to the jury, asserting that Aminy's connection with the heroin carried by Sayedi had been merely fortuitous.

At trial, the government was allowed to put in evidence the tinfoil packet of heroin carried by Aminy, along with expert testimony that the foil wrapping of that packet was similar to that of packages of small quantities of narcotics that are frequently given and received by knowing drug dealers as samples. The expert testified that heroin users generally carry their heroin in glassine envelopes. Thus, the government was permitted to introduce the packet of heroin carried by Aminy as a likely sample, on the basis that possession of such a heroin sample would make it less probable that Aminy lacked the requisite knowledge and intent with respect to the 814.5 grams of heroin in the attaché case that he took from, and on the woman's cry of warning tried to return to, Sayedi.

On appeal, Aminy contends principally that the admission into evidence of the heroin he had been carrying was contrary to the stipulation and violated Fed.R.Evid. 404(b). For the latter proposition, Aminy relies on *United States v. Gordon,* 987 F.2d 902 (2d Cir. 1993). We are unpersuaded.

■ Though evidence of other crimes or wrongs is "not admissible to prove the character of a person in order to show action in conformity therewith," Fed.R.Evid. 404(b), the Rule permits admission of such evidence for other purposes, such as to show knowledge or intent, *see, e.g., Huddleston v. United States,* 485 U.S. 681, 687–88, 108 S.Ct. 1496, 1500–501, 99 L.Ed.2d 771 (1988); *United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992). Where, for example, the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent. *See, e.g., United States v. Fernandez,* 829 F.2d 363, 367 (2d Cir.1987) (*per curiam*). In such circumstances, evidence of another act should not be admitted as proof of the defendant's knowledge or intent unless the other act is "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated by the proponent of the evidence." *United States v. Peterson,* 808 F.2d 969, 974 (2d Cir.1987). "Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d]. There is no necessity for synonymity but there must be *substantial* relevancy...." *United States v. Kasouris,* 474 F.2d 689, 692 (5th Cir.1973) (emphasis in original). If the other-act evidence does not provide a reasonable basis for inferring knowledge or intent, its offer for that purpose should be rejected on grounds of relevance. *See, e.g., United States v. Afjehei,* 869 F.2d 670, 674 (2d Cir. 1989). The decision to admit evidence pursuant to Rule 404(b) is reviewable only for abuse of discretion. *See United States v. Gordon,* 987 F.2d at 908; *United States v. Sappe,* 898 F.2d 878, 880 (2d Cir.1990).

Because Aminy put his knowledge and intent in issue, other-act evidence that tended to show those mental states served a proper purpose. Aminy's contention that the government's summation argued that the heroin showed propensity is meritless. The summation properly focused on Aminy's argument that his connection with the heroin importation was merely fortuitous.

We are not persuaded that *United States v. Gordon* required the trial court to exclude the evidence of the heroin Aminy carried when he was arrested. In *Gordon,* we held that the district court abused its discretion in admitting evidence of that defendant's possession of a small quantity of narcotics because there was insufficient similarity to meet the requirements of Rule 404(b). In that case, however, not only was there a disparity between the quantities of narcotics involved, but the narcotics were of different types and the other-act possession had occurred some 16 months before the events at issue. Accordingly, we held that Gordon's possession of a small amount of crack in North Carolina in 1990 had little probative value with respect to whether or not he knew that the person he was meeting at a New York airport was carrying a large quantity of cocaine and marijuana more than a year later. *See* 987 F.2d at 906–09. In the present case, though there was a disparity between the quantities of heroin carried by Aminy and Sayedi, respectively, the other disparities were absent. Furthermore, the significance of the disparity in quantity here was rebutted by the expert testimony that the small quantity of drugs carried by Aminy was packaged in a manner more consistent with a dealer's sample than with personal use. There was sufficient similarity in the present case to permit the trial court to conclude that admission of the packet carried by Aminy did not violate Rule 404(b).

We also conclude that the introduction of this evidence as tending to prove Aminy's knowledge or intent with respect to the heroin in the attaché case he took from Sayedi did not violate the parties' stipulation. It would obviously have been preferable for the parties to state expressly what their agreement, if any, was with respect to whether the

heroin carried by Aminy could have been a sample that he had received or intended to give. But they did not, and in the absence of such a statement, the government's proffer of the packet as a sample to counter Aminy's claim of fortuity and ignorance with respect to the 814.5 grams was not contrary to the stipulation that the small quantity of heroin carried by Aminy himself was "consistent with" his personal use, and was "not consistent with intent to distribute" the .334 grams. Even though the quantity may have been more consistent with personal use, the expert testimony was that its packaging was more consistent with a dealer's sample.

We hasten to note that, insofar as whether Aminy's small quantity of narcotics could itself be viewed as intended for distribution, we deal here only with the parties' stipulation. We express no view as to whether in general any given quantity should be viewed as inconsistent with an intent to distribute that quantity or whether the transfer of a narcotics sample may, within the meaning of the pertinent statutes, constitute "distribut[ion]." We conclude that the trial court's admission of the packet carried by Aminy on the limited issues of his knowledge and intent was not contrary to either Rule 404(b) or the stipulation. The court carefully conducted the balancing analysis required by Fed. R.Evid. 403, and we conclude that its admission of the evidence for that limited purpose was not an abuse of discretion.

Aminy also contends that the district court erred in admitting the expert's testimony. We disagree. The testimony of experts is proper where it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. The decision to admit testimony under this Rule is left to the trial court's discretion and will be overturned only if "manifestly erroneous." *United States v. Diaz*, 878 F.2d 608, 616 (2d Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 543, 107 L.Ed.2d 540 (1989). There was no manifest error or abuse of discretion here.

We have considered all of Aminy's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.