UNITED STATES of America, Appellee,

v.

Evelyn ARAUJO; Ivan Restrepo, a/k/a Mono Restrepo; Albeiro Garcia; Betsy Quevedo; Nelson Nunez; and John Barry Pritchard, Defendants,

Humberto Piedra; Jaime Carvajal; and Naydu Flores, a/k/a Nayia Reyes, Defendants–Appellants.

No. 817, Docket 95–1415.

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1996.

Decided March 8, 1996.

Terence S. Ward, Assistant Federal Public Defender, Hartford, Connecticut (Thomas G. Dennis, Federal Public Defender, Hartford, Connecticut, of counsel) for Defendant–Appellant Naydu Flores.

Philip L. Weinstein, The Legal Aid Society, New York City, for Defendant–Appellant Humberto Piedra.

James I. Glasser, Supervisory Assistant United States Attorney, Bridgeport, Connecticut (Christopher F. Droney, United States Attorney, of counsel), for Appellee.

Before: OAKES, WINTER and WALKER, Circuit Judges.

WINTER, Circuit Judge:

Naydu Flores appeals from her conviction by a jury before Chief Judge Dorsey of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] At trial, the government established that Flores participated in a pick-up of cocaine at a shopping center in Norwalk, Connecticut, at the request of her co-conspirator Albeiro Garcia.

Garcia was a cooperating witness at trial, and Flores challenges the admission of a portion of his testimony relating to a prior criminal act by Flores. Garcia testified that on an earlier occasion Flores had told Garcia that she had acted as a courier in a criminal scheme to deliver some $600,000 and that she had successfully lied to the police about the $600,000 when stopped en route. No evidence was placed before the jury indicating that her role as a courier in that incident was related to trafficking in narcotics. The government offered Garcia's testimony under Federal Rule of Evidence 404(b), arguing that Flores's statement to Garcia served to establish a relationship of trust between them, leading to his asking her to participate in the drug pick-up. Flores does not dispute that "other acts" evidence is admissible to show the background of a conspiracy or a relationship of trust. See, e.g., United States v. Rosa, 11 F.3d 315, 334 (2d Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994). Instead, she argues that to be admissible for that purpose, the past act evidence must be similar to the charged conduct. We disagree.

Any requirement that the past act and charged conduct be similar applies only in cases in which the other act evidence is offered to prove the defendant's intent or knowledge. See, e.g., United States v. Aminy, 15 F.3d 258, 260 (2d Cir.1994); United States v. Gordon, 987 F.2d 902, 908–09 (2d Cir.1993); United States v. Affjehei, 869 F.2d 670, 674 (2d Cir.1989). Where only knowledge or intent is in issue, the similarity requirement is simply a rule of relevance. See Aminy, 15 F.3d at 260. A prior bank robbery would not tend to show that a defendant knew that a transfer of a brick-like foil package for a large sum of money involved narcotics. On the other hand, a prior transaction of a similar nature would be probative of such knowledge. In the present case, the issue is whether Garcia's testimony concerning Flores's description of her past acts to Garcia was relevant to show that he trusted her enough to request that she participate in the drug pick-up. Steadfast behavior in carrying out another—albeit different—crime would tend to show the basis for that trust.

Flores also argues that the other acts evidence was more prejudicial than probative. See Fed.R.Evid. 403. We disagree. The challenged evidence legitimately tended to prove the nature of the relationship between Flores and the other conspirators, to explain why Garcia asked Flores to participate in the pick-up, and to explain why Garcia trusted Flores as a co-conspirator. Without evidence of a prior relationship or explanation of a connection with Garcia, Flores's "mere presence" defense would be much stronger, particularly because the locale of the pick-up was a shopping center. Although there is no doubt that the testimony in question carried with it some possibility of prejudice, we cannot say that the district court abused its discretion in admitting the testimony, particularly in light of the instruction to the jury limiting its consideration of the evidence to the issue of trust and confidence between Garcia and Flores. See United States v. Valenti, 60 F.3d 941, 946 (2d Cir.1995).

affirmed.

---

1. Jaime Carvajal's appeal has been withdrawn. Humberto Piedra's appeal has been summarily

Finally, Flores argues that several of the prosecutor's statements during summation were improper. However, no objections were made to the challenged remarks at trial. We have examined the record and have concluded that the remarks in question fall far short of the "flagrant abuse" necessary for reversal where no objection has been made. *See United States v. Rivera,* 22 F.3d 430, 437 (2d Cir.1994).

We therefore affirm.