101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Esteban LOZANO-REYES, aka Steve Lozano, Defendant-Appellant.
 No. 95-1707.
 United States Court of Appeals, Second Circuit.
 June 12, 1996.
 
 Appearing for Appellant:Philip L. Weinstein, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., N.Y.
 Appearing for Appellee:Frank McClain-Sewer, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was briefed and argued by counsel. Defendant also submitted a brief pro se.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant Esteban Lozano-Reyes appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Jacob Mishler, Judge, convicting him of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 960 and 963, and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and sentencing him principally to 235 months' imprisonment, to be followed by five years of supervised release. On appeal, Lozano contends principally that the trial court erred in admitting (a) other-act evidence that he argues was not sufficiently similar to the acts with which he was charged, and (b) coconspirator statements that he argues were not in furtherance of the conspiracy. We disagree.
 
 
 4
 Evidence of other crimes or wrongs, if relevant, may be admitted pursuant to Fed.R.Evid. 404(b) to prove a defendant's knowledge or intent. See, e.g., Huddleston v. United States, 485 U.S. 681, 687-88 (1988); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir.1992). In order to be relevant, the other act must be "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated by the proponent of the evidence." United States v. Peterson, 808 F.2d 969, 974 (2d Cir.1987); see also United States v. Aminy, 15 F.3d 258, 260 (2d Cir.1994). The trial court's assessment of whether there is sufficient similarity to permit admission under Rule 404(b) is reviewable only for abuse of discretion. See, e.g., United States v. Aminy, 15 F.3d at 260; United States v. Gordon, 987 F.2d 902, 908 (2d Cir.1993).
 
 
 5
 In the present case, Lozano did not dispute that Madison Tile, the company in which he was manager and one other person was active, was involved in a large-scale conspiracy to traffic in cocaine; rather, he maintained that he had no knowledge of that trafficking. The evidence that Lozano himself entered into and negotiated toward sizeable narcotics transactions was sufficiently similar to be relevant evidence of his knowledge of the narcotics trafficking by the company. That evidence included proof that during the conspiracy period, both Lozano and Madison Tile dealt in cocaine; that Lozano dealt in sizeable quantities too large for personal consumption; that the purity level of the cocaine sold by Lozano was nearly identical to that dealt in by the company; and that Lozano told an undercover government agent, to whom he sold 1/8 kilogram of cocaine, that he could quickly supply several more kilos. We see no abuse of discretion in the district court's conclusion that Lozano's contemporaneous dealings and professed easy access to large quantities of cocaine made it more likely than not that he was a participant in the large-scale narcotics trafficking by Madison Tile, the company he managed. Though there was less probative value in the evidence of so much of Lozano's other narcotics dealing as occurred after the period during which the Madison Tile conspiracy was in operation, we conclude that any error in the admission of that evidence was harmless.
 
 
 6
 Nor are we persuaded by Lozano's contention that the coconspirator statements offered by the government should have been excluded on the ground that they constituted mere "idle chatter," see, e.g., United States v. Lieberman, 637 F.2d 95, 102-03 (2d Cir.1980), rather than statements in furtherance of the conspiracy, see Fed.R.Evid. 801(d)(2)(E). Statements relating past events meet the in-furtherance test if they serve some current purpose in the conspiracy, such as to "promote[ ] cohesiveness," United States v. Simmons, 923 F.2d 934, 945 (2d Cir.), cert. denied, 500 U.S. 919 (1991), or to provide reassurance to a coconspirator, see United States v. Rivera, 22 F.3d 430, 436 (2d Cir.1994). A finding that a proffered statement was made in furtherance of the conspiracy need be supported only by a preponderance of the evidence and will not be overturned unless it is clearly erroneous. See, e.g., United States v. Maldonado-Rivera, 922 F.2d 934, 959 (2d Cir.1990), cert. denied, 501 U.S. 1211 (1991). Where there are two permissible views of the evidence, the trial judge's choice between them cannot be deemed clearly erroneous. See, e.g., id. We see no error here. The court found that the conversation was meant to engender trust, to increase Mena's familiarity with the conspiracy's modus operandi, and to outline future conspiratorial actions and the anticipated profits. We see no clear error in this finding and no abuse of discretion in the admission of the evidence. We also note that, though the statements usefully provided the jury with a description of the way in which the conspiracy operated, the conversation did not mention Lozano himself; thus, if we were to conclude that the statements should have been excluded, we would also conclude that the error in their admission was harmless.
 
 
 7
 Lozano has also raised a number of issues in his pro se brief, contending, inter alia, that he was entitled to a new trial because the government (a) failed to inform him of the existence of Juan Cardona, to whom Lozano sent false invoices for tile sales never made, and (b) failed to produce grand jury materials with which Mena could have been impeached. He also contends that the evidence was insufficient to support his conviction. We are unpersuaded.
 
 
 8
 A new trial based on newly discovered evidence should be granted only in the most extraordinary circumstances, see United States v. DiPaolo, 835 F.2d 46, 49 (2d Cir.1987), where it is "required in the interest of justice," Fed.R.Crim.P. 33. Such relief should not be granted unless the new evidence is material to the verdict, could not with due diligence have been discovered before or during trial, and is not cumulative. See, e.g., United States v. White, 972 F.2d 16, 20-21 (2d Cir.), cert. denied, 506 U.S. 1026 (1992). In this context, evidence is not to be considered "material" unless "its admission would probably lead to an acquittal." United States v. Siddiqi, 959 F.2d 1167, 1173 (2d Cir.1992) (internal quotation marks omitted); see, e.g., United States v. Gordils, 982 F.2d 64, 72 (2d Cir.1992), cert. denied, 507 U.S. 1054 (1993). If the government has failed to disclose evidence favorable to the defense, a reversal is warranted only if the evidence was "material in the sense that its suppression undermines confidence in the outcome of the trial." United States v. Bagley, 473 U.S. 667, 678 (1985). Lozano's presentation did not satisfy these prerequisites.
 
 
 9
 Mena's testimony had only tangential relevance to Lozano himself, for though Mena testified with respect to narcotics deliveries to a warehouse that was owned by Madison Tile, he had no knowledge either of a company named Madison Tile or of Lozano. Further, the unproduced materials with respect to Mena related not to the conspiracy at issue here but rather to unrelated crimes in which Mena was involved; they had potential relevance only for impeachment purposes and were cumulative of the 3500 material that was furnished to Lozano. As to Cardona, his existence could not have been unknown to Lozano since Lozano claimed to have dealt with him and in summation asserted Cardona's existence. Though Lozano claims not to have known Cardona's whereabouts, there is no indication in the record that Lozano made diligent efforts to locate Cardona prior to trial. Nor is there any affidavit from Cardona indicating what his trial testimony would have been had he been called as a witness. We see no reasonable likelihood that any of Lozano's information, even if "new," would have affected the outcome of the trial.
 
 
 10
 Finally, we reject Lozano's challenge to the sufficiency of the evidence. The government's proof at trial, in addition to the evidence of Lozano's narcotics dealings discussed above, showed, inter alia, that the cocaine was secreted in tile shipments; that Lozano had keys to the company's warehouses; that he took possession of nearly all deliveries of tile to Madison Tile's warehouse and personally unloaded the tiles; that he often traveled with the trucks that delivered shipments from one Madison warehouse to another; that he made out false invoices to conceal the identity of Madison as the owner of one warehouse; and that he purchased for Madison a pulverizer machine that was found to contain traces of cocaine. Taken in the light most favorable to the government, see, e.g., United States v. Podlog, 35 F.3d 699, 705 (2d Cir.1994), cert. denied, 115 S.Ct. 954 (1995), and with all inferences drawn and credibility assessments made in the government's favor, see, e.g., United States v. Stratton, 779 F.2d 820, 828 (2d Cir.1985), cert. denied, 476 U.S. 1162 (1986), the evidence was ample to permit a rational juror to conclude beyond a reasonable doubt that Lozano and Madison Tile were members of the same conspiracy.
 
 
 11
 We have considered all of Lozano's contentions on this appeal and have found in them no basis for reversal. The judgment of conviction is affirmed.