UNITED STATES of America,
Appellee,

v.

Raymond DE JESUS, a/k/a "Ramone Martinez," David De Jesus,
Defendants,

Humberto Taveras, a/k/a "Tony," a/k/a "Luis Rosario," Defendant–
Appellant.

Docket No. 00–1703.

United States Court of Appeals,
Second Circuit.

May 10, 2002.

---

642

Lawrence D. Gerzog, New York, NY, for Appellant.

Michael S. Kim, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present McLAUGHLIN, F.I. PARKER and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AF-FIRMED.

Humberto Taveras appeals from an October 17, 2000 judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*). A jury convicted Taveras on all counts of a four count indictment charging him with 1) conspiring to distribute cocaine and heroin

from June 1994 to October 1994 in violation of 21 U.S.C. § 846; 2) aiding and abetting the distribution and possession with the intent to distribute heroin on or about October 4, 1994 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; 3) aiding and abetting the distribution and possession with intent to distribute cocaine on or about October 4, 1994 in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; 4) bail jumping in violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(i).

Taveras was arrested in 1994 after one of his employees, Raymond DeJesus, repeatedly sold heroin supplied by Taveras to government agents out of an apartment in the Bronx. After agents arrested DeJesus, they found Taveras nearby in his car and, after a search of the vehicle, arrested him. Following his arrest and initial court appearances, Taveras jumped bail. He was later arrested on state charges and was deported to the Dominican Republic. On Taveras's attempted return to the United States, he was arrested and brought to face his original drug charges, as well as a new count for bail jumping.

On appeal, Taveras challenges the district court's admission of evidence relating to the October 1994 search of his vehicle, of an unsigned lease and rent receipts listing "Humberto Taveras" as the tenant of the apartment from which DeJesus sold drugs, of bags purportedly containing drugs found during the government's search of the apartment, and of a small amount of cocaine found on Taveras's person at the time of his arrest. Taveras further challenges the district court's denial of his motion for acquittal based on insufficiency of the evidence and the inclusion of a wholesale drug deal involving one kilogram of cocaine in the drug quantity calculation used at sentencing.

■ This Court first finds that Taveras has waived his objection to the district court's admission of evidence relating to the search of his car at the time of his arrest because Taveras himself chose to raise the issue during his cross-examination of the government's witness at trial. This Court will not conduct even plain error review where a defendant-appellant tries on appeal to repair the damage of his own strategic trial decisions. *See United States v. Kon Yu–Leung,* 51 F.3d 1116, 1122 (2d Cir.1995). Thus, the Court deems the challenge to the search evidence waived.

■ Although the Court also finds rather compelling evidence suggesting that Taveras waived his objection to the admission of several government exhibits purporting to contain drugs, we find that even absent waiver, his claim will fail. The district court did not abuse its discretion in admitting evidence of drugs found in the apartment from which DeJesus sold drugs because, despite the absence of lab results verifying the contents of the bags, ample circumstantial evidence demonstrated that the bags contained illegal narcotics. *See United States v. Bryce,* 208 F.3d 346, 353 (2d Cir.1999).

■ This Court also affirms the district court's remaining evidentiary decisions. We find that the district court correctly concluded that the unsigned lease and unsigned receipts were not hearsay, offered for the truth of statements contained therein, but rather provided physical evidence that the lease and receipts had been executed in the name "Humberto Taveras" as suggested by witness testimony and were therefore not barred by the rules of evidence. *See* Fed.R.Evid. 801(c) (defining hearsay). This Court further finds that the cocaine found on Taveras's person at the time of his arrest could properly be seen as relevant to his intent to distribute cocaine and was thus properly admissible. *See United States v. Martinez,* 54 F.3d 1040, 1043 (2d Cir.1995);

*United States v. Aminy,* 15 F.3d 258, 260 (2d Cir.1994).

Having found the evidence as admitted legitimate, and resolving all reasonable inferences in favor of the prosecution, the Court affirms the denial of Taveras's motion to acquit on Count Three (cocaine distribution). *See United States v. Writers & Research, Inc.,* 113 F.3d 8, 11 n. 3 (2d Cir.1997).

■ Finally, the Court determines that the district court properly considered the evidence of a wholesale transaction involving one kilogram of cocaine in the drug quantities computed for sentencing purposes as the transaction involved both Taveras and DeJesus and occurred on the same premises and during the same time period as the drug sales specified in the indictment, thus bringing the event within the scope of Count One's conspiracy to distribute cocaine and heroin.

For the reasons set forth above, the judgment of the district court is AFFIRMED.