**UNITED STATES of America,**
Appellee,

v.

**Juan Carlos CAMPUZANO, Appellant.**

**Docket No. 01–1261.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2002.

Vincent L. Briccetti, White Plains, N.Y. (Kerry A. Lawrence, on the brief), for Appellant.

Preetinder Bharara, Assistant, United States Attorney for the Southern District of New York, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York, Cathy Seibel, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Juan Carlos Campuzano appeals from his conviction and sentence of 78 months, entered by the district court for the Southern District of New York. Campuzano was convicted by a jury of conspiring and attempting to distribute and possess with intent distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846.

The conviction arose out of the government's interception and controlled delivery to Campuzano's cousin of a package containing 98.7 grams of heroin. Campuzano's cousin agreed to cooperate with the DEA and placed a recorded call to Campuzano, during which the cousin told Campuzano that "the big one arrived, the hundred ['de cien']," and asked Campuzano if "we can do that errand ['la vuelta'] tonight."

On appeal, Campuzano challenges the admission at trial of: [1] the expert testi-

mony of a DEA detective concerning the general meaning in the drug trade of "de cien" and "la vuelta," on the grounds that the testimony was not probative or that the evidence was more prejudicial than probative; and [2] the redacted guilty plea of Campuzano's cousin, on the ground that the court's limiting instruction was inadequate and the evidence was therefore more prejudicial than probative. We affirm.

■ 1. Under Rule 702 of the Federal Rules of Evidence, the district court has discretion to admit any expert testimony that it finds "will assist the trier of fact to understand the evidence." *United States v. Cruz,* 981 F.2d 659, 662 (2d Cir.1992). Its decision will not be overturned unless "manifestly erroneous." *Id.; see also United States v. Aminy,* 15 F.3d 258, 261 (2d Cir.1994).

"Expert testimony in the field of narcotics operations is often helpful to jurors who [are] likely unfamiliar with words and phrases used by narcotics dealers to camouflage their activities." *United States v. Simmons,* 923 F.2d 934, 946 (1991) (internal quotation marks omitted); *see also United States v. Rivera,* 971 F.2d 876, 887 (2d Cir.1992) ("The operations of narcotics dealers are a proper subject of expert testimony." (internal quotation marks omitted)).

The detective's testimony focused on terms used in the drug trade of which the jury might otherwise be unaware. The court allowed no interpretation as to what the coconspirators meant by the use of their words. The district court's admission of that circumscribed testimony created no manifest error.

■ Campuzano argues alternatively that any minimal probative value of the testimony was outweighed by prejudicial effect, under Rule 403 of the Federal Rules of Evidence, because his cousin was the only one who spoke in the supposed code, and because the cousins were close and therefore had little reason to speak in code.

Campuzano's assumption that conspirators only speak in code out of distrust is unfounded, however; code or lingo may also be used to shield the substance of the conversation from eavesdroppers, or out of habit. And the issue was whether Campuzano understood the code, not whether he used it.

■ 2. Campuzano concedes that his cousin's plea allocution was admissible as a statement against penal interest, but argues that it was more prejudicial than probative because an initial jury instruction (given upon admission of the evidence) was insufficient. While the initial instruction may have been imperfect, Campuzano failed to object, and can demonstrate no plain error. *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (applying plain error standard). In any event, the imperfection was corrected by the district court's ultimate proper instruction given prior to jury deliberation.

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.