**UNITED STATES of America,**
**Appellee,**

v.

**Darryl TOLIVER, Defendant–**
**Appellant.**

**No. 06–4349–cr.**

United States Court of Appeals,
Second Circuit.

July 22, 2008.

Vivian Shevitz, South Salem, NY, for Appellant.

Michael DiGiacomo, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Darryl Toliver appeals from the judgment of the United States District Court for the Western District of New York (Arcara, *C.J.*), convicting him after a jury trial of possession of a gun as a prior felon, in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

Toliver advances two reasons that his conviction should be reversed. First, he argues that the district court erred in denying his pre-trial motion to suppress the gun found in his car during a search following a traffic stop. Second, he argues that the district court erroneously admitted evidence that a witness saw him with a gun the month before the traffic stop pursuant to Federal Rule of Evidence 404(b). We disagree.

Toliver's argument for suppressing the gun discovered inside the seatbelt casing of his car during a traffic stop essentially boils down to the claim that the Magistrate Judge (Scott, *M.J.*) should not have believed the testimony of two officers that they stopped Toliver because he twice changed lanes without signaling. When reviewing a district court's action on a suppression motion, we review its factual findings for clear error viewing the evidence in the light most favorable to the government. *United States v. Rodriguez,*

356 F.3d 254, 257 (2d Cir.2004). When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Anderson v. Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Toliver puts forth a number of reasons why the Magistrate Judge might have elected not to credit the officers' testimony. However, his decision to accept their testimony was not clearly erroneous.[1]

Toliver argues that the district court erred in admitting Melanie Weigel's testimony pursuant to Federal Rule of Evidence 404(b) that she saw him with a gun about thirty days prior to the offense for which he was convicted. A trial court's decision to admit "similar act" evidence under 404(b) is reviewable only for abuse of discretion. *United States v. Aminy,* 15 F.3d 258, 260 (2d Cir.1994). We have "adopted an 'inclusionary' approach to other act evidence ..., which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. LaFlam,* 369 F.3d 153, 156 (2d Cir.2004) (quoting *United States v. Edwards,* 342 F.3d 168, 176 (2d Cir.2003)). To determine whether a district court properly admitted other act evidence, the reviewing court considers whether: "(1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Id.*

---

\* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

1. Because we affirm the district court's ruling denying Toliver's suppression motion, we need not address the government's claim that Toliver waived his right to challenge the rul-

ing by failing to object timely to the Magistrate Judge's report containing his recommendation for the disposition of the motion. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile,* 121 F.3d 34, 38–39 (2d Cir. 1997).

An examination of these four factors indicates that the district court did not abuse its discretion by admitting Weigel's testimony. First, the evidence was admitted for a proper purpose—namely, to prove that Toliver knew the gun found by the officers was in his car, which was the *only* factual issue extant at trial. Where knowledge and intent are in dispute, both generally and specifically, with respect to constructive possession, evidence of prior acts is admissible to prove knowledge or intent. *United States v. Paulino,* 445 F.3d 211, 222 (2d Cir.2006). Second, Weigel's testimony was also relevant, because she indicated that the gun she previously observed Toliver with was similar to the gun found in Toliver's car. This testimony supports the inference that Toliver knew the gun found by officers was in his car and does not—contrary to Toliver's argument—merely demonstrate criminal propensity. *See Aminy,* 15 F.3d at 260 (act must be "sufficiently similar"); *United States v. Corey,* 566 F.2d 429, 431 (2d Cir.1977) (must be a " 'close parallel' between the crime charged and the acts shown"). Although Toliver argues that Weigel's testimony was irrelevant because she was only able to testify that the gun she saw was the same size as the one recovered from the car, the district court properly indicated that her inability to say that she saw the same gun was proper grist for cross-examination. Third, the probative value of Weigel's testimony was not substantially outweighed by its prejudicial effect. Finally, defense counsel never requested a limiting instruction.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.