11-1986-cr
United States v. Camara

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT


**SUMMARY ORDER**


**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

Present:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> SHIRA A. SCHEINDLIN,[*]
> > *District Judge.*

_____

United States of America,

> *Appellee*,

> v.                                                                       No.     11-1986-cr

Moussa Camara,

> *Defendant - Appellant*.

_____

_____

[*] Judge Shira A. Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:          Toni Messina, New York, N.Y.

FOR APPELLEE:          Shane T. Stansbury, Katherine Polk Failla, Assistant United States
                       Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney
                       for the Southern District of New York, New York, N.Y.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Moussa Camara appeals from the district court's judgment, upon a guilty verdict, convicting Camara of conspiracy to commit access device fraud and aggravated identity theft in violation of 18 U.S.C. § 371, access device fraud in violation of 18 U.S.C. § 1029, and aggravated identity theft in violation of 18 U.S.C. § 1028A, and imposing a sentence amounting to 41 months' imprisonment, two years' supervised release, and restitution and forfeiture of $29,924.76.  On appeal, Camara argues the district court abused its discretion in ruling that certain evidence was admissible pursuant to Rule 404(b), including (1) evidence of Camara's use of his taxi cab on February 15, 2009, (2) evidence of fraudulent credit card transactions stemming from unauthorized charges in his taxi cab and at a jewelry store on the same day, (3) evidence of a photocopy of a driver's license with Camara's photograph but a different name, and (4) evidence of a Western Union exchange of $600 between Camara and Abdou Kane, another co-conspirator arrested the same day as Camara.[1]  We assume the parties' familiarity

_____

[1] With regard to the photocopied driver's license and the Western Union exchange, the district court ruled that both were direct evidence of the crimes charged as both were connected to events that occurred during the relevant time charged in the indictment, April to June 2009.

2

with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

We review the district court's ruling on the admissibility of evidence under Rule 404(b) for abuse of discretion. *United States v. Scott*, 677 F.3d 72, __ , 2012 WL 1143579, at *5 (2d Cir. 2012) (citing *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006)). Our review follows the factors laid out by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988): "[t]o determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *Scott*, 2012 WL 1143579, at *6 (citing *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (per curiam)). Upon review of these factors, we conclude the district court did not abuse its discretion in ruling that evidence of the February 15 events and transactions was admissible under Rule 404(b).

First, the extent to which the parties dispute whether Camara conceded mental state and intent is irrelevant, as the evidence was properly admitted for the purpose of proving knowledge. Fed. R. Evid. 404(b)(2). Knowledge became an issue when Camara argued that he did not know the credit cards belonged to real people—an element required to be proven for aggravated identity theft under 18 U.S.C. § 1028A and *Flores-Figueroa v. United States* 556 U.S. 646, 657

---

Further, the Western Union exchange between Camara and Kane was likewise admitted as direct evidence of the connection between the two. These two items of evidence were properly admitted as direct evidence of the three crimes charged. We see no reason, therefore, to address their admissibility under Rule 404(b).

3

(2009) (holding that the crime of aggravated identity theft "requires the Government to show that the defendant knew that the means of identification at issue belonged to another person"). When Camara "disavow[ed] awareness that a crime was being perpetrated" and "the government bears the burden of proving [Camara's knowledge]," then evidence of prior similar acts "may be admitted for the purpose of proving knowledge." *United States v. Ramirez*, 894 F.2d 565, 568 (2d Cir. 1990); *see also United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) ("Where . . . defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may . . . be admitted to show knowledge."). Evidence that Camara was driving his taxi cab when fraudulent charges were made on a certain credit card and evidence that the same credit card was also used fraudulently on the same day at a particular jewelry store—the same store where later fraudulent transactions covered in the indictment occurred—speaks volumes to Camara's knowledge of how the credit card scheme covered in the indictment operated to charge credit cards of actual persons for unauthorized purchases and then pocket the cash.

Further, when a defendant claims he is but a mere participant less culpable than the other participants, as Camara asserted, evidence of prior similar bad acts is relevant and probative. *See United States v. Arango-Correa*, 851 F.2d 54, 59-60 (2d Cir. 1988). This case is no different from *Arango-Correa*, where we concluded the district court did not abuse its discretion in admitting evidence of narcotics records detailing drug transactions for the three years previous to the transactions charged because the government was entitled to offer evidence of similar acts in order to counter the defendant's defense that he was merely on hand to assist and had no knowledge of the true nature of the shipment. *Id.* at 60; *see also United States v. Martino*, 759

4

F.2d 998, 1005 (2d Cir. 1985) ("Since a showing of knowledge and intent were essential in order for the government to meet its burden of proof in this case, and since the prior conviction of federal narcotics offenses was evidence which could be interpreted by the fact-finders as shedding light on these key issues, the evidence was both relevant and probative and the trial judge did not abuse his discretion by his ruling, despite the vintage of the conviction."); *but see United States v. Garcia*, 291 F.3d 127, 137-39 (2d Cir. 2002) (holding the government did not demonstrate "a similarity or some connection between the prior and currents acts" because the "only similarity" was both involved cocaine but otherwise the two acts were twelve years apart and involved different quantities of cocaine). In this case, the February 15 transactions, to which the contested evidence related, and the crimes on which Camara was indicted were "sufficiently similar . . . to permit the jury reasonably to draw from that act the knowledge . . . inference advocated by" the government, and thus met the "substantial relevancy" requirement for prior similar bad acts. *Aminy*, 15 F.3d at 260 (explaining that sufficient similarity, not "synonymity," is required to establish the relevance of prior similar bad acts).

Lastly, the probative value of this evidence was not substantially outweighed by any prejudicial effect. Probative value is not outweighed by prejudicial effect when the prior similar bad acts do not "involve conduct more inflammatory than the charged crime," *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006) (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999)), or "involve conduct any more sensational or disturbing than the crimes" charged, *United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (quoting *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990)). In this case, evidence of the unauthorized credit card transactions from the taxi cab and jewelry store was clearly of the same ilk as the

5

charged conduct and even involved one of the same merchants. Evidence of the other fraudulent taxi cab charges from that day were likewise no more inflammatory, sensational, or disturbing than the crimes charged. Further, when a district court gives a careful limiting instruction, as did the court in this case, any prejudicial effect is limited by the careful parameters set by the district court on the jury's consideration of that evidence. *See LaFlam*, 369 F.3d at 157 ("The District Court also gave a limiting instruction to the jury that reduced any potential prejudice that introduction of the uncharged other act evidence might have caused."); *Arango-Correa*, 851 F.2d at 60; *Ramirez*, 894 F.2d at 570.

"Since a district court is in the best position to evaluate the evidence and its effect on the jury," *Pitre*, 960 F.2d at 1119, and since this "Circuit evaluates Rule 404(b) evidence under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity,'" we cannot conclude that the district court abused its discretion in ruling that the evidence related to the events on February 15 was admissible under Rule 404(b), *Garcia*, 291 F.3d at 136.

We have considered the remainder of Camara's arguments and find them to be without merit. The decision of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6