22-2676-cr
*United States v. Abreu*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-three.

PRESENT:    **AMALYA L. KEARSE,**
            **GUIDO CALABRESI,**
            **ALISON J. NATHAN,**
               *Circuit Judges.*

_____

**United States of America**

       *Appellee,*

     **v.**                                   **No. 22-2676-cr**

**Cesar Abreu, AKA Cesar Abreu, AKA Cesar Perez, AKA Sealed Defendant 1, AKA Cesar Leonidas Abreu Lora, AKA Cesar Leonidas Abreu, AKA Cesar Leoniidas Lora,**

       *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT**:            DAVID A. RUHNKE, Ruhnke & Barrett, Montclair, NJ

**FOR APPELLEE**:            JACOB H. GUTWILLIG (Nathan Rehn, *on the brief*) *for* DAMIAN Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Cesar Abreu appeals from an October 7, 2022, judgment of the District Court (Furman, *J.*) convicting him after a jury trial of possessing with intent to distribute cocaine and fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(a), and of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). After trial, Abreu additionally pled guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) and 1326(b)(2). On appeal, Abreu challenges the district court's evidentiary ruling permitting the admission of evidence of drug trafficking recovered in a search of Abreu's prior residence in 2009 and evidence

of his 2011 prior conviction resulting from that same search. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.[1]

Before trial, the Government moved *in limine* to offer drug-related evidence recovered in the 2009 search of Abreu's residence and evidence of his subsequent conviction for possessing cocaine with intent to distribute. The district court, over Abreu's objection, held that the prior act evidence was admissible because Abreu's knowledge and intent were "squarely at issue." App'x at 39. Then, at trial, the Government entered the evidence via testimony from a government witness, photographs of the paraphernalia and drugs recovered at the search, and a stipulation of the conviction. Defendant argues that this evidence was offered solely to show propensity and is therefore improper character evidence. We disagree.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to

---

[1] Abreu additionally argues that the district court's error was not harmless and that he should be resentenced on his illegal reentry charge if this Court vacates and remands on the Rule 404(b) issue. Because we conclude that admission of the evidence was not error, we do not reach either of these arguments.

show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) thus "bars the admission of defendant's uncharged crimes to prove propensity to commit the crime charged." *United States v. Williams*, 930 F.3d 44, 62 (2d Cir. 2019) (citation omitted). "Such evidence is admissible, however, when offered to show 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. Mejia*, 545 F.3d 179, 206 (2d Cir. 2008) (citation omitted). Therefore, admissible prior act evidence must be "relevant to an issue at trial other than the defendant's character," and "the probative value of the evidence [cannot be] substantially outweighed by the risk of unfair prejudice." *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998). Ultimately, under this Court's "inclusionary approach, prior act evidence is admissible if offered for any purpose other than to show a defendant's criminal propensity." *Mejia*, 545 F.3d at 206 (cleaned up).

Our review of the district court's admission of 404(b) evidence is deferential, as "[w]e review . . . for abuse of discretion, and the district court's ruling stands unless it was arbitrary and irrational." *Id.*

4

At trial, it was clear that Abreu had access to and was present in the apartment where the drugs and drug paraphernalia were found. He had been arrested with keys to the apartment where the drugs were located, law enforcement had observed him enter the apartment after selling a sample of the drugs at issue to a confidential source of information for law enforcement, there was video surveillance from the apartment showing him coming and going, and cell-site location evidence demonstrated that his cellphone was used in the vicinity of the apartment. Given this evidence, the central issue at trial was whether Abreu was merely present on the premises or whether he knew there were drugs in the apartment and intended to distribute those drugs. Indeed, Abreu's main defense—a mere presence argument—was that he did not live in the apartment and there was no DNA or fingerprint evidence connecting him to the narcotics that were found in the apartment.

Because the case turned on Abreu's relationship with the drugs in the apartment, the prior search evidence and criminal conviction were highly probative of his knowledge and intent. As the district court recognized, "the prior conduct with very similar circumstances—namely, possession of drugs and

drug paraphernalia, including some of the very same paraphernalia, namely a grinder . . . is highly probative of his knowledge and intent, and it is for that reason admissible . . . ." App'x at 39.

We have upheld the admission of prior act evidence under similar circumstances on numerous occasions. *See, e.g.*, *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994); *United States v. Arango-Correa*, 851 F.2d 54, 59–60 (2d Cir. 1988); *United States v. Fernandez*, 829 F.2d 363, 367 (2d Cir. 1987); *United States v. Martino*, 759 F.2d 998, 1004–05 (2d Cir. 1985). In each of these cases, the defendant admitted to being present during a narcotics transaction, but denied wrongdoing. Prior act evidence was then properly admitted to establish the defendant's knowledge and intent. So too here.

Abreu attempts to distinguish this case by arguing that the length of time between his prior search and conviction and the present offenses renders the prior act evidence here inadmissible. Of course, the length of time is relevant to the "potential probative value of the prior conviction," *United States v. Garcia*, 291 F.3d 127, 138 (2d Cir. 2002), but mere "temporal remoteness of [prior] acts does not preclude their relevancy," *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011).

6

As with the evidence in *Curley*, the prior search evidence and conviction here were not "too attenuated to be relevant," as those prior acts bear a striking similarity to the present ones. *Id.* (internal quotation marks omitted).

Lastly, Abreu argues that the district court failed to identify a proper purpose for the admission of the evidence and failed to limit the jury's consideration of the evidence to that purpose. But the record refutes that contention. The district court gave a limiting instruction explicitly telling the jury to "consider this evidence on the limited issue of the defendant's intent and knowledge at the time of the charged offenses . . . including the defendant's understanding of things at the time of the charged conduct." App'x at 464–65. And the jury was expressly instructed "not to consider this evidence as propensity evidence," but "only for the limited purposes . . . just described." App'x at 465. The district court properly identified the appropriate purpose for admission and instructed the jury to consider it for that purpose alone.

Abreu argues that the evidence of his previous conviction for operating a stash house should also have been excluded pursuant to Fed. R. Evid. 403, which provides in part that the court may exclude even "relevant evidence if its probative

7

value is substantially outweighed by a danger of . . . unfair prejudice." The trial court's decisions under Rule 403 to admit or exclude evidence are reviewed for abuse of discretion. *See, e.g.*, *United States v. O'Connor*, 650 F.3d 839, 853 (2d Cir. 2011), *cert. denied*, 565 U.S. 1148 (2012); *United States v. Larson*, 112 F.3d 600, 604–05 (2d Cir. 1997). The district court here plainly exercised its discretion in considering the government's proffer of evidence of two prior convictions of Abreu, the 2011 stash house conviction and a 2011 conviction for attempting to possess cocaine through the mail. The court excluded evidence of the latter conviction because it was based on facts that did not include Abreu's physical possession of drugs and thus was not sufficiently similar to the current charges. In contrast, the court found that Abreu's prior stash house conviction involved facts quite similar to those at issue in the present case, including not only his possession of the cocaine but also his possession of the same type of drug-processing paraphernalia. We see no abuse of discretion in the conclusion that the admission of Abreu's prior stash house conviction would not result in undue prejudice. Additionally, the prior conviction was admitted in the form of a "focused and brief stipulation," demonstrating that the court "engag[ed] in a

serious effort to minimize the prejudicial effect of the [prior] conviction on the jury." *United States v. Moran-Toala*, 726 F.3d 334, 346 (2d Cir. 2013).

In sum, the district court properly exercised its discretion in identifying a relevant purpose for highly similar prior act evidence that was relevant to knowledge and intent. It further mitigated any potential for unfair prejudice that Abreu may have faced from the evidence through streamlined presentation of that evidence and an appropriate limiting instruction. We discern no error.

\* \* \*

We have considered Abreu's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9