UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2014

(Submitted: March 31, 2015                    Decided: June 4, 2015)

Docket No. 14-1929

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

JOSEPH McCRIMON,[1]

*Defendant-Appellant*.

_____

Before: POOLER, LOHIER, and CARNEY, *Circuit Judges*.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), sentencing Defendant-Appellant Joseph McCrimon principally to 63 months' imprisonment for bank robbery in violation of 18 U.S.C. § 2113(a). As a matter of first impression, we consider whether Application Note 5 to U.S.S.G. § 3C1.2 provides an exception to the general rule, set forth in U.S.S.G. § 1B1.3(a)(1)(B), for imposing a Guidelines enhancement based on a co-defendant's foreseeable conduct. We join our sister circuits in concluding that it does, and therefore remand for resentencing.

Vacated and remanded.

_____

Andrew A. Rubin, Mancuso, Rubin & Fifidio, White Plains, NY, *for Defendant-Appellant Joseph McCrimon*.

Margaret M. Garnett, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*), New York, NY, *for Appellee.*

PER CURIAM:

Defendant-Appellant Joseph McCrimon appeals from the May 22, 2014 judgment of the United States District Court for the Southern District of New

York (Briccetti, *J.*), sentencing him principally to 63 months' imprisonment for bank robbery, in violation of 18 U.S.C. § 2113(a). McCrimon pleaded guilty pursuant to a plea agreement, which acknowledged the parties' dispute over the applicability of the U.S.S.G. § 3C1.2 sentencing enhancement for reckless endangerment during flight.[2] Because we conclude that Application Note 5 to U.S.S.G. § 3C1.2, not Section 1B1.3(a)(1)(B), provides the proper standard for applying the enhancement based on a co-defendant's conduct, we remand for resentencing.

**BACKGROUND**

The district court made the following factual findings at sentencing. McCrimon left the scene of the bank robbery in a getaway car driven by his co-defendant, James Sherrod. Soon after, police attempted to stop the car. Following a brief pause, the vehicle fled, leading police on a chase through busy streets at speeds of up to one hundred miles per hour, sometimes on the wrong

---

[2] U.S.S.G. § 3C1.2 provides, "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."

side of the road. The getaway car hit at least one vehicle and endangered other individuals, including a second passenger in the getaway car, before it ultimately crashed.

Although the Government submitted testimony that McCrimon encouraged Sherrod to flee from the police and to increase his speed during the chase, the district court declined to make any factual findings based on the proffered evidence. It reasoned that this determination was unnecessary to its sentencing analysis, because, under the relevant conduct rules of U.S.S.G. § 1B1.3(a)(1)(B), it was sufficient that McCrimon could have reasonably foreseen that his co-defendant would drive the getaway car in a manner that would recklessly endanger others in furtherance of the bank robbery. Based on that conclusion, the district court calculated McCrimon's Guidelines range to include a two-level enhancement under U.S.S.G. § 3C1.2 for "recklessly creat[ing] a substantial risk of death or serious bodily injury to [others] in the course of fleeing from a law enforcement officer."

McCrimon timely appealed, asserting that the district court erred in applying the two-level enhancement under U.S.S.G. § 3C1.2 because Sherrod's

reckless driving would not have been reasonably foreseeable to McCrimon due to McCrimon's extremely diminished cognitive abilities. With McCrimon's consent, the Government now moves to remand for resentencing on the basis that the district court applied the incorrect standard in determining whether McCrimon's sentence could be enhanced based on his co-defendant's conduct.

**DISCUSSION**

**I.     Standard of Review**

We review a sentence for procedural and substantive reasonableness, which is akin to a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). Procedural error occurs when, for example, the district court "makes a mistake in its Guidelines calculation." *Id.* at 190. We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Richardson*, 521 F.3d 149, 156 (2d Cir. 2008).

Because McCrimon did not object to the district court's use of the reasonable foreseeability standard set forth in Section 1B1.3(a)(1)(B), we review for plain error. *See United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010). Under

that standard, an appellant must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted). "[T]he plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context." *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012) (internal quotation marks omitted).

For the reasons set forth below, we conclude that the district court committed plain error in its calculation of McCrimon's Guidelines range.

**II.     Analysis**

The Sentencing Guidelines provide a general rule governing application of its provisions based on a co-defendant's conduct: "Unless otherwise specified, . . . adjustments . . . shall be determined on the basis of[,] . . . in the case of a jointly undertaken criminal activity . . . , all reasonably foreseeable acts and omissions of

others in furtherance of the jointly undertaken criminal activity. . . ." U.S.S.G. § 1B1.3(a)(1)(B). The general rule therefore applies "unless otherwise specified." *Id.* A special conduct rule governing the reckless endangerment enhancement of Section 3C1.2 is set forth in Application Note 5, which states, "[u]nder this section, the defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 3C1.2 cmt. n.5. Thus, by the plain language of the Guidelines, the district court may not apply the Section 3C1.2 enhancement unless it finds that the defendant himself "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" or that he "aided[,] abetted," or otherwise contributed to the creation of such a risk in one of the enumerated ways. *Id.*; *see also Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). The district court therefore erred by applying the enhancement based merely on a finding that McCrimon could

have reasonably foreseen that his co-defendant would recklessly endanger others while fleeing from the police in furtherance of the crime.

Every other circuit to consider the issue has held that "some form of direct or active participation which is consistent with Note 5 is necessary in order for § 3C1.2 to apply." *United States v. Cespedes*, 663 F.3d 685, 690 (3d Cir. 2011) (internal quotation marks and alterations omitted); *see also United States v. Johnson*, 694 F.3d 1192, 1196 (11th Cir. 2012); *United States v. Franklin*, 321 F.3d 1231, 1237 (9th Cir. 2003); *United States v. Chong*, 285 F.3d 343, 346 (4th Cir. 2002); *United States v. Conley*, 131 F.3d 1387, 1390 (10th Cir. 1997). It follows that "[k]nowingly participating in an armed robbery in which getaway vehicles are part of the plan is insufficient as a matter of law, without more, to allow a district court to impose this enhancement on individuals not directly committing the acts amounting to reckless endangerment." *Franklin*, 321 F.3d at 1237. Given the plain meaning of the provision's language and the widespread agreement among our sister circuits, the appropriate standard for applying Section 3C1.2 is not "subject to reasonable dispute," *Marcus*, 560 U.S. at 262, and the district court's error was clear.

The third and fourth prongs of plain error review may be satisfied where the district court commits an error in its Guidelines calculation, the "starting point in selecting a sentence." *Wernick*, 691 F.3d at 117 (internal quotation marks omitted). Here, if the district court had not applied the enhancement, McCrimon's Guidelines range would have been 51 to 63 months' imprisonment, rather than 63 to 78 months' imprisonment. *See* U.S.S.G. Ch. 5 Pt. A. The court's error therefore had a "potentially serious impact on the sentence imposed." *Wernick*, 691 F.3d at 117. Because of the significant impact on the Guidelines range, the resulting possibility that the court imposed a longer term of imprisonment than it would otherwise have chosen, and the relatively low cost of correcting the error, failing to permit the district court to correct the error would negatively affect the fairness of the proceedings.

## CONCLUSION

For the foregoing reasons, we conclude that the district court plainly erred in applying the Section 3C1.2 sentencing enhancement based solely on a finding that McCrimon reasonably could have foreseen that his co-defendant would recklessly endanger others while fleeing from the scene of his bank robbery. We

express no view as to the other features of McCrimon's sentence.   Accordingly,

the sentence is VACATED and REMANDED for resentencing consistent with this

opinion.