15-1242 (L)
*United States v. Pinney*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of March, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                RAYMOND J. LOHIER, JR.,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                    Nos. 15-1242 (L),
                                                                              15-1245 (Con)

CHRISTOPHER PINNEY,

                        *Defendant-Appellant*.

---

For Appellee:                      Steven D. Clymer, Emily T. Farber, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant :     Timothy E. Austin, Assistant Federal Public Defender, James P. Egan, Research & Writing Attorney, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **VACATED** and the case **REMANDED**.

In June 2014, while serving a term of supervised release following a conviction for possession of child pornography, defendant Christopher Pinney absconded from a residential re-entry center in Albany, New York and was eventually arrested in Nevada. He subsequently admitted that this unauthorized departure violated the terms and conditions of his supervised release, and he also pleaded guilty to one count of failure to register as a sex offender when he traveled to Nevada in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). The United States District Court for the Northern District of New York (Hurd, *J.*) sentenced him to twenty-four months' incarceration for the supervised release violation and sixteen months' incarceration for the SORNA charge, to run consecutively for a total term of forty months. On appeal, Pinney challenges the procedural and substantive reasonableness of these sentences. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Sentencing for both the SORNA charge and the violation of supervised release took place in a single proceeding on April 9, 2015. The district court first sentenced Pinney on the SORNA violation. During that phase of the proceeding, the court stated:

> I have previously sentenced the defendant to twenty-three months['] incarceration after he violated his terms and conditions in September of 2012. *It seems like every time he is released from imprisonment and is put into a Halfway House to try to help him, he leaves.* So upon that note, I will sentence within the guidelines.

2

App. 112 (emphasis added). In fact, this was the first time that Pinney had absconded from a halfway house. He had previously violated his supervised release, but that violation involved entirely different conduct. Nonetheless, Pinney made no objection.

During the phase of the proceeding relating to the supervised release violation, the court noted that "[t]he instant violation represents the second supervised release violation for [Pinney]," App. 115, but did not specify what the first violation was. Pinney again failed to object. Pinney now argues that the district court based the sentences on its erroneous belief that he had previously committed the same violation, namely, absconding from a halfway house.

A district court commits procedural error when it "selects a sentence based on clearly erroneous facts." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (quoting *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012)). Where, as here, the defendant failed to object below, we review only for plain error, under which standard the defendant must demonstrate that "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). We have held that "[t]he plain error doctrine should not be applied stringently in the sentencing context, where the cost of correcting an unpreserved error is not as great as in the trial context." *United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) (per curiam) (quoting *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012)).

Here, the district court's statement at sentencing demonstrates that it was under the mistaken belief that Pinney had previously absconded from a halfway house. The government urges us to interpret the district court's statement as a mere expression of frustration at Pinney's repeated violations of supervised release. But the district court referred specifically to Pinney's

3

leaving a halfway house, not to his failure to comply more generally. To dismiss this as merely a rhetorical point would ignore the "clear import of the District Court's remarks, taken as a whole." *Robinson*, 702 F.3d at 39. Accordingly, we conclude that there was an error, and that such error was both "clear" and "obvious." *Marcus*, 560 U.S. at 262 (quoting *Puckett*, 556 U.S. at 135).

We further conclude that this error "affected [Pinney's] substantial rights." *Id.* The district court emphasized Pinney's recidivism in its explanations of both sentences. Indeed, the court expressed its frustration that Pinney had repeatedly left a halfway house immediately before announcing its sentence on the SORNA charge, using language that suggested a direct connection between the two. Although we cannot be certain that the court's factual misunderstanding affected its sentencing decisions, there is a reasonable probability that it did, which is all that the plain error standard requires. *See United States v. Veliz*, 800 F.3d 63, 76 (2d Cir. 2015).

Finally, we find it appropriate to exercise our discretion to correct this error. The district court sentenced Pinney to the high end of the Guidelines range for the SORNA violation and to the statutory maximum for the violation of supervised release. If these sentences were based on a clearly erroneous fact, then allowing them to stand would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Marcus*, 560 U.S. at 262 (quoting *Puckett*, 556 U.S. at 135).[1]

---

[1] Because we hold that the court committed procedural error by relying on a clearly erroneous fact, we need not reach the other claims that Pinney raises in this appeal.

For the reasons given, we **VACATE** the sentences of the district court and **REMAND** for re-sentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk