14-4746-cr
*United States v. Hester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of November, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                          No. 14-4746-cr

ERNEST HESTER, AKA SEALED DEFENDANT #9,
AKA EB,

> *Defendant-Appellant.**

---

For Appellee:                    PAUL D. SILVER, Assistant United States
                                 Attorney (Carla Freedman, Assistant United

---

* The Clerk of Court is requested to amend the official caption in this case to conform to the listing of the parties above.

States Attorney, Of Counsel) *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

For Defendant-Appellant:                    ALBERT J. MILLUS, JR., Hinman, Howard & Kattell, LLP, Binghamton, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ernest Hester pleaded guilty to conspiring to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). He was sentenced principally to 135 months' imprisonment. On appeal, Hester argues that the district court (1) clearly erred in applying a Sentencing Guidelines enhancement based on its finding that Hester stabbed a rival gang member; (2) failed to consider the sentencing disparity between his sentence and those of his codefendants; and (3) erred in assigning three criminal history points to a New York state conviction for which Hester served only eight months of an eighteen-month sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## A. Guidelines Enhancement

"Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence, and the district court's findings will not be disturbed unless clearly erroneous." *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016) (quoting *United States v. Beverly,* 5 F.3d 633, 642 (2d Cir. 1993)). "When reviewing for clear error, we may reverse only if we are 'left with the definite and firm conviction that a mistake has been committed.'" *United States v.*

*Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (quoting *United States v. Andino*, 768 F.3d 94, 98 (2d Cir. 2014)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)).

Based on Hester's involvement in the stabbing of a rival gang member, the district court applied U.S.S.G. § 2A2.2(b)(2)(B), which provides a four-level enhancement for committing an aggravated assault with a dangerous weapon. This was not error. As the district observed, the surveillance videos and testimony allowed for differing views on whether Hester stabbed Jimmie Hudson, a rival gang member. For example, a police detective was firm in his belief that the surveillance videos showed that Hester was holding a knife during the altercation, while Hester and his expert witness claimed that it was a cell phone. The district court acknowledged that it was not clear from the surveillance videos whether Hester was holding a knife or a cell phone. The court, however, observed that "the video show[ed] [Hester] using his right hand, in which he held the object at issue, to strike or shove Hudson's left arm and lower back, two of the areas where he was stabbed," and that Hester "pulled Hudson to the back of the restaurant where he forcibly held Hudson back with his left arm, and using a quick stabbing motion with his right arm, struck Hudson on the left arm." A. 173. The court reasonably deduced from this evidence that Hester stabbed Mr. Hudson. *See Bershchansky*, 788 F.3d at 110. While a fellow gang member and Hester's mother offered testimony that suggested Hester did not stab Hudson, the district court was free to weigh the credibility of these witnesses, and we "pay special deference to the district court's factual determinations going to witness credibility." *Id.* at 108 (citation and internal quotation marks omitted). The court did not err in applying the four-level enhancement for aggravated assault with a dangerous weapon set forth in U.S.S.G. § 2A2.2(b)(2)(B).

### B. Sentencing Disparities

A district court's sentencing decisions are reviewed for both substantive and procedural reasonableness. *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *Villafuerte*, 502 F.3d at 206 (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)).

"18 U.S.C. § 3553(a)(6) requires that a sentencing court consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' *not* that it consider the disparities between co-defendants." *United States v. Stevenson*, 834 F.3d 80, 84 (2d Cir. 2016) (emphasis added) (quoting 18 U.S.C. § 3553(a)(6)); *see United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) ("We have held that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants.").[2]

Hester observes that his codefendants all received between 57 and 97 months' imprisonment, while he received 135 months' imprisonment. From this Hester concludes that "[t]he only reason to sentence [him] to a greater sentence than the highest received by [his codefendants] would be to punish him for challenging" his enhancement for aggravated assault with a dangerous weapon. As explained above, the court was permitted, but not required, to consider the sentencing disparities between Hester and his codefendants. Second, although the district court did not state on the record that it had considered those sentencing disparities, Hester

---

[2] We do not, however, as a general matter, take issue with a district court's "consideration of similarities and differences among co-defendants when imposing a sentence." *Frias*, 521 F.3d at 236 n.8 (citation and internal quotation marks omitted).

invited the court both in his sentencing memoranda and at sentencing, to consider his codefendants' prison terms. The district court stated, moreover, that it had reviewed "the submissions by counsel." A. 199. Nothing in the record suggests that the district court failed to consider this argument or that the court in any way endeavored to punish Hester for litigating his sentencing enhancement. *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("[T]he law in this circuit is well established that, in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (citation and internal quotation marks omitted)); *cf. United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976) ("Adverse rulings, standing alone, do not establish judicial bias or prejudice . . . nor create a reasonable question of judicial impartiality." (internal citation omitted)). We thus identify no procedural or substantive error with respect to the court's application of 18 U.S.C. § 3553(a)(6).

## C. Criminal History Points

"We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error." *United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) (citation and internal quotation marks omitted). "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). While a true waiver precludes appellate review, *see id.*, where a "party's failure to [object] is simply a matter of oversight," this Court reviews for plain error, *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995).

Hester argues that the district court erred in assigning three criminal history points to his New York conviction for Criminal Possession of a Controlled Substance in the Third Degree. Hester raised this argument in his sentencing memorandum but arguably waived or forfeited it by

agreeing at sentencing that his criminal history category had been correctly, but harshly, set at level IV. However, we need not resolve whether Hester waived or forfeited this claim because there was no error of any kind in the district court's assignment of three criminal history points to this conviction.

In 2007, Hester was sentenced to 18 months' imprisonment for his conviction in New York for Criminal Possession of a Controlled Substance in the Third Degree. Hester was released approximately eight months later after successful completion of a "shock incarceration program" in New York, which allowed him "to be conditionally *released*." N.Y. Corr. Law § 867(4) (emphasis added). Although Hester describes this early release as a "suspended portion of the sentence" that "should not be counted" toward the computation of his criminal history points, the Presentence Report ("PSR") stated that the relevant New York certificate of conviction documented that Hester was sentenced to 18 months' imprisonment but made "no mention of any portion of the sentence being suspended." PSR Addendum 34. Hester does not dispute this characterization, and he points to nothing in the record to show that his sentence was suspended in whole or in part. Hester's early release from the shock program therefore did not affect the calculation of his criminal history category because "[i]n scoring a criminal history category, 'criminal history points are based on the sentence pronounced, not the length of time actually served.'" *United States v. Conca*, 635 F.3d 55, 65 (2d Cir. 2011) (quoting U.S.S.G. § 4A1.2, Application Note 2).

We have considered all of Hester's remaining arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk