17-552-cr
*United States v. Quashie*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand eighteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
                   *Circuit Judges*,
           JESSE M. FURMAN,
                   *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                   *Appellee*,

                                                            17-552-cr

           v.

DIEGO ERCOLI,

                   *Defendant,*

                   and

RYAN QUASHIE,

                   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

[*]      Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:        PETER J. TOMAO, Garden City, New York.

FOR APPELLEE:        JO ANN M. NAVICKAS, Assistant United States Attorney (Julia Nestor, Erik D. Paulsen, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Ryan Quashie appeals from a judgment of the district court imposed February 10, 2017, after a jury convicted him of one count of Hobbs Act Robbery Conspiracy and one count of attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a).  Quashie was sentenced principally to 54 months' imprisonment on each count to run concurrently, to be followed by three years' supervised release.

On appeal, Quashie argues that the district court erred (1) when it permitted the government to introduce evidence of his prior bad acts at trial, and (2) in applying certain sentencing enhancements based on its findings that Quashie had perjured himself at trial and that the use of a firearm was foreseeable in the commission

of his crimes.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## 1. Prior Bad Acts

We afford district courts wide latitude in determining whether evidence is admissible.  *United States v. Miller*, 626 F.3d 682, 687-88 (2d Cir. 2010).  We therefore review the evidentiary rulings of a district court for abuse of discretion and reverse only in cases involving "manifest error."  *Id.* at 688 (citation and internal quotation marks omitted).

We are not persuaded that the district court erred in admitting evidence of Quashie's prior bad acts at trial, including testimony related to Quashie's involvement in uncharged robberies.  The evidence was admissible for the purposes outlined by the district court, including (1) to complete the story of the charged conspiracy at issue, and (2) under Federal Rule of Evidence 404(b), to provide context for the relationship among Quashie, the co-conspirators, and the accomplices, and to establish the *modus operandi* of the robbery crew.

The district court also provided a sufficient limiting instruction as to the permissible uses and purpose of the evidence, and made clear that it was not to be substituted as proof that Quashie had committed the charged crimes or of criminal propensity.  *See United States v. Snype*, 441 F.3d 119, 129-30 (2d Cir. 2006) (explaining that "the law recognizes a strong presumption that juries follow limiting instructions").

Accordingly, to the extent there was any risk of unfair prejudice, we conclude that it did not "substantially outweigh[ ]" the probative value of the evidence. Fed. R. Evid. 403.

## 2. Guidelines Calculation

We review the procedural and substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

We are not persuaded that the district court procedurally erred in applying (1) a two-level sentencing enhancement based on its finding that Quashie had perjured himself at trial; and (2) a five-level sentencing enhancement for the brandishing of firearms during the attempted robbery of which Quashie was convicted.

As to the perjury enhancement, the district court found that Quashie had perjured himself at trial in at least two ways: his testimony regarding his lack of involvement in the robbery conspiracy and his testimony about his relationship with his co-conspirator, and lead witness, Harry Pacheco. *See United States v. Dunnigan*, 507 U.S. 87, 94, 97 (2003) (a "trial court must make findings to support all the elements of a perjury violation," that is, the court must find that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony").

We agree with the district court that the two-level obstruction enhancement was merited in light of the evidence of Quashie's guilt and his deliberate mischaracterization of his relationship with Pacheco. The district court's finding that

- 4 -

Quashie's false statements were a "deliberate fabrication" is supported by the record.

App. 72. *See id.* (perjurious testimony requires the "willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory"); *see also United States v. Thompson*, 808 F.3d 190, 195 (2d Cir. 2015).

As to the brandishing of firearms enhancement, we conclude that the district court did not err, much less plainly err, in including the five-level firearms enhancement in its Guidelines calculation.[*] Given the evidence of the robbery crew's advance preparation for the attempted robbery -- which included outfitting the crew with weapons -- as well as the actual use of firearms in the commission of the attempted robbery, we agree with the district court that it was foreseeable to Quashie that firearms would be brandished in carrying out the attempted robbery. *See United States v. Medina*, 74 F.3d 413, 417 (2d Cir. 1996) (per curiam). The district court therefore did not err by enhancing Quashie's sentence under U.S.S.G. § 2B3.1(b)(2)(C).

. . .

---

[*] Quashie did not challenge the five-level enhancement for the brandishing of firearms at sentencing, nor did he challenge the descriptions of the offense in the Pre-Sentence Report, which listed the use of firearms by the perpetrators. Hence, we review the district court's ruling in this respect for plain error. *See United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) (per curiam).

We have considered Quashie's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk