20-924-cr
*United States v. Jamison*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of January, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
                    REENA RAGGI,
                    DENNY CHIN,
                              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                              *Appellee,*

               -v-                                                           20-924-cr

TAIWAN JAMISON, AKA HENRY CARTER,
                              *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                         Thomas R. Sutcliffe, Assistant United States
                                                 Attorney, *for* Antoinette T. Bacon, United
                                                 States Attorney for the Northern District of
                                                 New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:     Molly Corbett, James P. Egan, Assistant
                             Federal Public Defenders, *for* Lisa A. Peebles,
                             Federal Public Defender for the Northern
                             District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Taiwan Jamison appeals the district court's judgment, entered March 13, 2020, sentencing him principally to fifteen months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On February 24, 2019, Jamison -- who had previously been convicted of a felony -- rented two firearms at a shooting range using a false name. On October 21, 2019, he pleaded guilty to a single count of possession of a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court adopted, without objection, the Sentencing Guidelines' calculation in the Presentence Report ("PSR"), which resulted in a recommended sentencing range of twelve to eighteen months' imprisonment and one to three years' supervised release. The court imposed a withing-Guidelines sentence of fifteen months' imprisonment and three years' supervised release.

2

Jamison argues on appeal that the district court erred in sentencing him to three years' supervised release because it "failed to balance the relevant [18 U.S.C. §] 3553(a) factors and instead relied on prior criminal acts and factual errors," which "result[ed] in a substantively and procedurally unreasonable sentence." Jamison Br. at 7. We are unpersuaded.

Except in one respect, Jamison failed to object to his sentence during his sentencing;[1] therefore, we review the sentence for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208, 211 (2d Cir. 2007) (applying plain error review to district court's failure to weigh the relevant § 3553(a) factors and failure to explain the reasons for its chosen sentence where defendant neglected to object during sentencing); *see also United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015) (reviewing sentence for plain error where defendant failed to object during sentencing).

The district court did not err, let alone plainly err, in weighing the relevant § 3553(a) factors or explaining its reasoning for imposing Jamison's sentence. In determining the length of the term and the conditions of supervised release, a court is required to consider the factors set forth in § 3553(a). *See* 18 U.S.C § 3583(c). Moreover,

---

[1] Jamison did object to the district court's rejection of his proposed reduction for using a firearm for a lawful sporting purpose, *see* U.S.S.G. § 2K2.1(b)(2). Because he does not raise this argument on appeal, however, we do not consider it. *See Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 (2d Cir. 2006) (noting that an argument not raised on appeal is waived).

at the time of sentencing, the court "shall state in open court the reasons for its imposition of the particular sentence" within the Guidelines range. *Id.* § 3553(c).

The district court stated on the record that it was "adopting the factual information and the guideline applications that are contained in the [PSR]." App'x at 59. It then determined that "a guideline[s] sentence is sufficient, but not greater than necessary, to meet the goals of sentencing" embodied in the § 3553(a) factors, "including the need for the sentence to, A, reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; B, . . . afford[] adequate deterrence to criminal conduct; and C, protect the public from further crimes by the defendant." App'x at 60. Then, in selecting a sentence within the Guidelines range, the court stated that it "ha[d] considered the nature and the circumstances of the instant offense, the defendant's history of substance abuse and his lengthy criminal history, which . . . notably includes continued involvement with firearms since the age of 15 and alleged involvement in multiple shooting incidents" as "outlined in the [PSR]." App'x at 60. Finally, in imposing special conditions on Jamison's supervised release requiring him to participate in a substance abuse treatment program and to refrain from using alcohol, the court explained that its decision was "based upon the nature of the instant offense, as well as your history and characteristics . . . as outlined in detail in the [PSR], and to provide rehabilitative services." App'x at 61. While the court did not specify which of its findings supported the term of imprisonment as opposed to the term of supervised

4

release, "we do not require robotic incantations" or "formulaic or ritualized burdens," *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc), for courts to discharge their obligation to explain the reasoning behind the sentences they impose. Accordingly, the court neither failed to weigh the relevant § 3553(a) factors nor plainly erred in providing its reasoning for Jamison's term of supervised release.

Further, we cannot agree with Jamison's argument that the district court relied on "inaccurate factual conclusions," Jamison Br. at 12, in describing Jamison's criminal history as "lengthy" or "includ[ing] continued involvement with firearms since the age of 15 and alleged involvement in multiple shooting incidents," App'x at 60. Indeed, the PSR -- to which Jamison, again, declined to object at sentencing -- lists his various convictions for offenses related to firearms, beginning with his adjudication for juvenile delinquency in 1993 for shooting into a crowd of people at the age of 15, and culminating in his present guilty plea for using a fake identity to obtain two firearms for use at a shooting range. At least six of his prior adjudications or convictions involved firearms. Accordingly, we find no error in the district court's description of Jamison's criminal history, and certainly no plain error in the imposition of his sentence.

We have considered Jamison's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5