18-1794-cr (L)
*United States v. Allums*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
            GERARD E. LYNCH,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                    18-1794-cr
                                                   20-2289-cr

DEAN JONES, AKA KORRUPT, MAXWELL
SUERO, AKA POLO, TROY WILLIAMS, AKA
LIGHT, AKA TIMOTHY WILLIAMS, DEQUAN
PARKER, AKA SIN, AKA SINCERE, RICHARD
GRAHAM, AKA PORTER, DARNELL FRAZIER,
MALIK SAUNDERS, AKA DOG, AKA MALEK
SAUNDERS, AKA MALEK SANDERS, AKA
MALIK SANDERS, KAHEIM ALLUMS, AKA OS,
AKA "O," RALPH HOOPER, AKA RIZZO, AKA
RIZ,

*Defendants,*

YONELL ALLUMS, AKA UNK,

    *Defendant-Appellant.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:        JASON SWERGOLD, Assistant United States Attorney (Maurene Comey & Thomas McKay, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:  ANDREW FREIFELD, Law Office of Andrew Freifeld, New York, New York.

   Consolidated appeals from the United States District Court for the Southern District of New York (Broderick, *J.*).

   **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

   Defendant-appellant Yonell Allums appeals from a judgment entered June 13, 2018, following a jury trial, convicting him of narcotics conspiracy, in violation of 21 U.S.C. § 846, and sentencing him principally to 240 months' imprisonment.  He also appeals from an opinion and order entered July 7, 2020, denying his second motion for

---

\*  The Clerk of Court is respectfully directed to amend the caption as set forth above.

a new trial. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Allums was charged with one count of participating in a narcotics conspiracy in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of the conspiracy, in violation of 18 U.S.C. § 924(c). Following a nearly three-week trial that began on October 24, 2017, the jury returned a verdict of guilty on the conspiracy count and not guilty on the firearms count.

On December 27, 2017, Allums moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, arguing that the introduction of evidence of his prior conviction for conspiracy to distribute cocaine prejudiced his defense. The district court denied his motion. On May 16, 2018, Allums was sentenced as set forth above, and he appealed.

On July 19, 2019, while his appeal was pending, Allums filed his second motion for a new trial. The district court denied the motion. Allums filed his second appeal, and the two appeals were consolidated.

## I. The Judgment and Sentence

### A. *The 404(b) Evidence*

Allums's sole challenge to his conviction is based on the district court's admission, pursuant to Federal Rule of Evidence 404(b), of evidence regarding his prior conviction. We review evidentiary rulings for abuse of discretion, "and we will disturb

an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015) (internal quotation marks omitted). Rule 404(b) prohibits the introduction of prior acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of prior acts, however, may be admissible "for another purpose, such as proving . . . intent, . . . knowledge, . . . absence of mistake, or lack of accident." *Id.* 404(b)(2). In reviewing the district court's decision to admit Rule 404(b) evidence, we look to "whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004).

As the district court noted, Allums placed his knowledge and intent at issue at trial. Indeed, at a pre-trial conference, the court asked Allums's counsel whether he intended to argue that Allums was unaware of the drugs being trafficked through property he owned at 173 Woodworth Avenue in Yonkers (a convenience store, an apartment, and adjacent property). Counsel stated:

> We intend to argue that he didn't know. He has, like you
> said, a very, very tangential . . . relationship to that property.
> He certainly doesn't live there. He doesn't have unabated
> access to it. He doesn't go through there left and right. So,
> to the extent that any evidence of any narcotics activity was

4

recovered in that apartment, Mr. Allums certainly was not aware of it.

App'x at 126.

In his opening statement, counsel argued that Allums, who either solely or jointly owned the property at all relevant times, was unaware of the drug trafficking activity that his nephew, Kaheim, was conducting out of his upstairs apartment. *See, e.g.*, App'x at 297 ("[Kaheim] lived in that apartment. . . . He took sole responsibility for drugs that were recovered in that case."); App'x at 303 (noting that government witness purchased drugs from Kaheim, not Allums). And in cross-examining Candice Southerland, who testified to Allums handing her envelopes containing drugs, Allums's counsel sought to elicit testimony suggesting that the envelopes came from Kaheim's apartment.

Our case law makes clear that "[w]here, for example, the defendant does not deny that he was present during a narcotics transaction but simply denies wrongdoing, evidence of other arguably similar narcotics involvement may, in appropriate circumstances, be admitted to show knowledge or intent." *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994). The evidence regarding Allums's prior conviction was admitted to show knowledge and intent. Allums's prior conviction was for substantially the same conduct as his charged conduct, and the prior operation was conducted at the same location. Hence, we are satisfied that the evidence was highly

5

probative of his knowledge and intent. *See United States v. Cadet*, 664 F.3d 27, 32-33 (2d Cir. 2011).

Further, although Allums contends that his counsel offered to stipulate to knowledge and intent, and that the court should have accepted that offer, the district court reasonably concluded that the offer was too little and too late. First, it came only after Allums had put knowledge and intent at issue. Second, the proposed stipulation was insufficiently clear and specific to fully remove the issue from the case. Counsel stated that he would be "willing to enter into a stipulation that would read, if the jury finds that knowledge and intent, or if the other elements of the case are met, knowledge and intent can be inferred." App'x at 1104-05. But intent can always be "inferred" from actions, and the reference to "other elements" is unclear. "[T]o take [knowledge and intent] out of a case, a defendant must make some statement to the court of sufficient clarity to indicate that the issue will not be disputed" and "accept a jury instruction that would keep that issue out of the case." *United States v. Colon*, 880 F.2d 650, 659 (2d Cir. 1989).

Finally, we are satisfied that the district court's limiting instructions mitigated the risk of unfair prejudice. *See United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006) ("[T]he law recognizes a strong presumption that juries follow limiting instructions.").

6

## B. *The Sentence*

Allums challenges his sentence as being procedurally and substantively unreasonable. "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016) (internal quotation marks and emphasis omitted).

We review a sentencing court's legal application of the Guidelines *de novo*, "while the court's underlying factual findings with respect to sentencing, established by a preponderance of the evidence, are reviewed for clear error." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) (internal quotation marks and alteration omitted). "[T]he judge who presided over the trial or over an evidentiary sentencing hearing is in the best position to assess the credibility of the witnesses, and her decisions as to what testimony to credit are entitled to substantial deference." *Id.* at 78 (citing *Gall v. United States*, 552 U.S. 38, 51-52 (2007)).

The district court found that: (a) Allums was responsible for the distribution of more than 50 kilograms of cocaine; (b) he possessed firearms in

7

furtherance of the narcotics conspiracy; (c) he maintained 173 Woodworth as a premises for distributing drugs; and (d) he was the leader of the conspiracy. The district court concluded that the applicable Guidelines range was 360 months' to life imprisonment, with a mandatory minimum term of 10 years' imprisonment. The district court then imposed a substantially below-Guidelines sentence of 240 months' imprisonment.

Allums challenges the factual support for the district court's determinations with respect to drug quantity and sentencing enhancements. We conclude, however, that there was sufficient evidence to support the court's findings, including the testimony of several witnesses, including Candice Southerland, Steven Christopher, and Daryl Bracy, as well as documentary evidence showing that Allums maintained the premises where the drug trafficking took place. To the extent Allums challenges the credibility of the witnesses, "[g]iven the district court's superior ability to make credibility assessments based on its first-hand observation of the witnesses at [trial], we defer to those assessments." *United States v. Caracappa*, 614 F.3d 30, 49 (2d Cir. 2010).

Allums's final procedural challenge to his sentence arises from the district court's reference to his perjury at a suppression hearing several years earlier on a separate charge. The district court (Sprizzo, *J.*) granted the suppression motion and the charges were dismissed. In sentencing Allums in the instant case, the district court (Broderick, *J.*) stated that "this very easily could have been [Allums's] third narcotics

8

conviction," had Allums not "avoided criminal prosecution at that time by [his] testimony." App'x at 3215-16. Allums contends that Judge Sprizzo did not in fact rely on his perjured testimony in granting the suppression motion and therefore that Judge Broderick erred in concluding otherwise.

Because Allums did not object to the finding during sentencing, we review for plain error. *See United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015). We are not persuaded that there was any error, much less plain error. The district court reviewed the transcript of the suppression hearing as well as Judge Sprizzo's decision and concluded that Allums's testimony at the hearing "did at least in part weigh on Judge Sprizzo" and that Allums "perverted the judicial system by lying during [his] testimony." App'x at 3216. The transcript of Judge Sprizzo's bench ruling indeed confirms that he relied, at least in part, on Allums's testimony at the hearing.

Allums also argues that his sentence was substantively unreasonable. "Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and alteration omitted).

Given Allums's criminal history and the seriousness of his offense, the sentence the court imposed, which departed downward from the sentencing range

9

recommended by the Guidelines by ten years, was well "within the range of permissible decisions."  *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016).

## II. The Second Motion for a New Trial

Allums filed a second motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, on July 19, 2019 -- over a year after his conviction.  Rule 33 provides that a motion for a new trial based on newly discovered evidence may be filed within three years of a guilty verdict, but a motion for a new trial based on any other reason must be filed within 14 days.  Fed. R. Crim. P. 33(b).  Thus, Allums's second motion for a new trial was untimely unless it was based on newly discovered evidence.

We review a denial of a Rule 33 motion for abuse of discretion and the court's factual findings for clear error.  *United States v. Sessa*, 711 F.3d 316, 321 (2d Cir. 2013).

"We have long held that in order to constitute newly discovered evidence, not only must the defendant show that the evidence was discovered after trial, but he must also demonstrate that the evidence could not with due diligence have been discovered before or during trial."  *United States v. Forbes*, 790 F.3d 403, 408-09 (2d Cir. 2015) (internal quotation marks omitted).  Prosecutorial misconduct that is readily apparent from the trial transcript does not constitute newly discovered evidence.  *See United States v. Dukes*, 727 F.2d 34, 39 (2d Cir. 1984).

10

During the prosecution's cross-examination of Allums's co-defendant, Darnell Frazier, the prosecution asked Frazier whether he used to sell crack on Riverdale Avenue with Christopher. Frazier denied having done so. The prosecution then sought to introduce evidence of Frazier's prior conviction for selling crack on Riverdale, arguing to the court that the prosecutor "asked him whether he ever sold crack on Riverdale in general, and he said he never sold crack on Riverdale." App'x at 2087. Although the prosecution's statement was factually inaccurate, as the question on cross-examination was about selling crack on Riverdale with Christopher and not about selling crack on Riverdale "in general," no one caught the error. The district court granted the prosecution's request and allowed the prosecution to elicit from Frazier that he had previously been convicted of selling crack on Riverdale.

On February 21, 2019, the district court granted Frazier's motion for a new trial. In that order, the court explained that it understood one of the prosecutor's statements at oral argument on the motion to indicate that the prosecution "first realized it had mischaracterized Frazier's testimony while preparing for summations during trial," and that "[t]he Government . . . did not notify [the district court] of th[e] error at that time." Supp. App'x at 185. Some six months later, Allums filed his second motion for a new trial, arguing that he was also entitled to a new trial based on the circumstances surrounding the cross-examination of Frazier -- specifically, that the prosecution's failure to bring the error to the attention of the district court, despite

11

noticing the error prior to summation, constituted newly discovered evidence of prosecutorial misconduct.

As did the district court, we conclude that we need not resolve the factual dispute as to whether there was prosecutorial misconduct, or whether the prosecution's statements during the adjudication of Frazier's motion constitute new evidence, because it is clear that Allums was not prejudiced by the error he alleges in any event. Frazier's conviction occurred some thirteen years before he and Allums even met and before the conspiracy began; there was no explicit or implicit implication of Allums. Moreover, the district court made clear that even had it known about the error prior to summation, the court "would have declined to exercise [its] discretion to grant a mistrial." Supp. App'x at 271.

\* \* \*

We have considered Allums's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

12