*United States v. Guzman*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-three.**

**PRESENT:**

> **ROBERT D. SACK,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.                                                        22-1321

**Juan Ramon Guzman, AKA Ramon Cabrera,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | ARUN BODAPATI, (Susan Corkery, Kaitlin McTague *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | MATTHEW B. LARSEN, Assistant Federal Defender, Federal Defenders of New York Appeals Bureau, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED.**

On June 10, 2022, Juan Ramon Guzman was sentenced to 60 months' imprisonment for illegal entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to sentencing, Guzman's probation officer prepared a presentence investigation report ("PSR") that calculated the maximum term of imprisonment for Guzman's offense as 20 years. The district court adopted the PSR at sentencing. It also calculated a Sentencing Guidelines range of 70-87 months of imprisonment, based on an offense level of 23 and a criminal history category of IV. A prior conviction for attempted criminal possession of a weapon in the second degree under New York Penal Law section 265.03(3) factored into both Guzman's offense level and his criminal history category. On appeal, Guzman argues that his prior conviction under that statute was unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and thus including that conviction overrepresented the seriousness of his criminal history.[1] He also argues that the statutory maximum for his crime was 10, not 20, years and that the

---

[1] To the extent that Guzman argues that the allegedly unconstitutional prior conviction improperly impacted his Guidelines range, that argument is not properly before us. *See, e.g.*, *Custis v. United States*, 511 U.S. 485, 497 (1994); *United States v. Jones*, 27 F.3d 50, 52 (2d Cir. 1994). We understand Guzman also to argue, however, that, even though the district court could use his prior conviction to calculate his Guidelines range, that conviction overstated the seriousness of his criminal history because it was, in his view, unconstitutional. *See* Appellant's Br. at 23.

miscalculation impacted his sentence. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Guzman did not raise either of his arguments before the district court, so we review for plain error. *United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015).

First, the district court's treatment of Guzman's prior conviction under New York Penal Law section 265.03(3) was not plain error. "For an error to be plain, it must, at a minimum, be clear under current law. A reviewing court typically will not find such error where the operative legal question is unsettled. Whether an error is 'plain' is determined by reference to the law as of the time of appeal." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks and citations omitted). At this time, there is no binding precedent holding that the statute under which Guzman was convicted is unconstitutional. There was thus no plain error. *See id.*

Second, the parties agree that the statutory maximum for Guzman's current conviction was 10 years, not 20. It is not clear from the record whether this error influenced the district court's consideration of the seriousness of the offense in imposing the 60-month sentence. We therefore remand under the procedures adopted in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The district court is directed to clarify whether the mistaken 20-year statutory maximum affected its sentencing decision. If it did not, the error would be harmless. *See, e.g.*, *United States v. Solis*, 18 F.4th 395, 401 (2d Cir. 2021). If the error did affect the sentence, the district court may vacate the judgment and re-sentence Guzman. No later than ten days after the district court's supplementation of the record, either party may restore the matter to the active docket of this Court

3

by filing a letter. If either party seeks further action from this Court, the matter will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court