*United States v. Zobkiw (Hoey)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
          PETER W. HALL,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

United States of America,

          *Appellee*,

          v.                                    18-3338

Thomas Hoey, Jr.,

          *Defendant-Appellant*,

Nicole Zobkiw, AKA Sealed Defendant 1, Barry Balaban, AKA Sealed Defendant 1, Alejandro Noreiga,

　　　　　　　*Defendants*.[1]

_____

| | |
|---|---|
| For Appellant: | BRUCE R. BRYAN, Syracuse, New York. |
| For Appellee: | IAN MCGINLEY (Michael D. Maimin *on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Thomas Hoey, Jr. appeals from a judgment of the United States District Court for the Southern District of New York entered on October 25, 2018, sentencing him to a term of 141 months' imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the arguments on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1] The Clerk of Court is respectfully requested to amend the caption as stated above.

## I.

Hoey was convicted, following a guilty plea, of conspiracy to distribute and possess with intent to distribute cocaine in violation of 18 U.S.C. § 371, conspiracy to suborn perjury in violation of 18 U.S.C. § 1622, and obstruction of justice in violation of 18 U.S.C. § 1503. The district court initially sentenced Hoey to a within-Guidelines sentence of 151 months' imprisonment and three years of supervised release. The court also imposed a $250,000 fine which was later vacated on appeal and not reimposed. Before his initial federal sentencing, Hoey had been convicted for an unrelated matter in New York state court. That conviction increased the criminal history points used in calculating his federal Guidelines range. Following his sentencing on the federal charges here, the New York state conviction was vacated, and Hoey was thus entitled to resentencing. At resentencing, after recalculating the Guidelines range based on a lower criminal history score, the district court imposed an above-Guidelines sentence of 141 months' imprisonment and three years of supervised release. Hoey now appeals, arguing that his new sentence is both procedurally and substantively unreasonable.

II.

We review sentences for reasonableness, which amounts to a review for abuse of discretion. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (*en banc*). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation omitted).

Hoey contends that his sentence is procedurally unreasonable for two main reasons: (1) the district court insufficiently explained its decision to impose an above-Guidelines sentence at resentencing, especially given that court's imposition of an initial sentence within the advisory Guidelines range, and (2) the district court improperly calculated the Guidelines range by refusing to group the perjury and obstruction of justice counts together. Hoey, however, did not challenge the procedural reasonableness of his sentence before the district court, and defense counsel's general statements that she was "comfortable" with a calculation different than the one ultimately adopted and "mindful" of a plea

4

agreement containing another calculation were insufficient to preserve an objection for appellate review. App. at 508. We thus review Hoey's challenges of procedural unreasonableness for plain error. *See United States v. McCrimon*, 788 F.3d 75, 78 (2d Cir. 2015); *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

To demonstrate plain error, Hoey must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted). While we have said that "the plain error doctrine should not be applied stringently in the sentencing context," *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009), Hoey's arguments fail even under a lowered plain error standard.

Hoey's first argument, that the district court did not sufficiently explain its decision to diverge from the advisory Guidelines range, is not supported by the record. Not only did the district court deliver a long explanation at the resentencing hearing for why it was imposing an above-Guidelines sentence, but the court also issued a six-and-a-half-page Written Statement of Reasons

5

explaining that the above-Guidelines sentence "more accurately accounts for the extreme callousness of Hoey's actions," App. at 556, and outlining specific reasons for imposing that sentence. Nor is Hoey's argument aided by the fact that many of the same circumstances that existed at the time of Hoey's original sentencing—and which resulted in a sentence within the then-applicable Guidelines—existed at the time of his resentencing. Hoey offers no reason why his new sentence must fall within the lower Guidelines range simply because his prior one fell within the higher range. Contrary to his assertions, we find it eminently reasonable that the district court could find a 151-month sentence appropriate under the circumstances at Hoey's initial sentencing and a 141-month sentence appropriate under the circumstances at Hoey's resentencing, notwithstanding the fact that one fell inside of the Guidelines range and one did not.

In calculating Hoey's Guideline range, the district court grouped the perjury and underlying drug count together under § 3D1.2(c), as provided for under U.S.S.G. § 3C1.1 Application Note 8, and applied Application Note 5 to U.S.S.G. § 3D1.2 to limit the grouping to one count of obstructive conduct with one count of the underlying offense. Application Note 5 explains that, for the purposes of grouping under subsection (c):

6

> Sometimes there may be several counts, each of which could be treated as an aggravating factor to another more serious count, but the guideline for the more serious count provides an adjustment for only one occurrence of that factor. In such cases, only the count representing the most serious of those factors is to be grouped with the other count.

On that basis, the district court grouped Hoey's perjury and drug counts together and treated the obstruction of justice count separately. The result was a slightly higher offense level than if one of Hoey's preferred approaches had been adopted.

Hoey contends that the district court erred by not grouping his perjury and obstruction counts together. He argues that the district court should have grouped those counts together pursuant to U.S.S.G. § 3D1.2(b) because the counts were part of a common scheme or plan and victimize the same societal interest. He argues, alternatively, that they should be grouped together pursuant to U.S.S.G. § 3D1.2(c) because each of the perjury and obstruction counts would qualify as an adjustment to his drug count.

How multiple obstruction counts should be grouped is an open question in this Circuit. In *United States v. Jones*, 716 F.3d 851, 859 (4th Cir. 2013), the Fourth Circuit followed the approach complained of here, explaining that "the proper way to group multiple obstruction of justice convictions under the Sentencing Guidelines" is to group only the "more serious" conviction for obstructive conduct

with the underlying offense.  While we see the logic in that approach, we need not decide whether that is the correct method because, given the lack of contrary case law from the Supreme Court or this Court, the district court did not plainly err in its Guidelines calculation.  *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law.  We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court.") (internal quotation marks omitted).  Hoey's challenge to the procedural reasonableness of his sentence thus fails.

## III.

Hoey also challenges the substantive reasonableness of his 141-month term of imprisonment.  "Upon review for substantive unreasonableness, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (citations and quotation marks omitted). In giving this due deference, we "provide relief only in the proverbial 'rare case.'" *United States v. Bonilla*, 618 F.3d 102, 109 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "A sentencing

8

judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," and "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 188, 189 (internal quotation marks and citation omitted).

Hoey's chief complaint is that the district court did not give appropriate weight to mitigating factors, such as Hoey's post-incarceration rehabilitation efforts. But the district court was not required to weigh these factors in precisely the way Hoey would have liked and, in reviewing the sentence imposed by the district court, "we do not consider what weight we would ourselves have given a particular factor." *Id.* at 191. Rather we "consider whether a factor relied on by a sentencing court can bear the weight assigned to it" under the totality of the circumstances in a case. *Id.*

Here the record of sentencing proceedings shows that the district court was careful to consider the factors cited by Hoey as mitigation in the context of the case as a whole. For example, the district court explained that Hoey's "steps toward rehabilitation are commendable but they are not extraordinary." App. at 552. On this record, we cannot say that the district court improperly weighed the factors

presented to it for consideration. Nor do we think a 141-month term of imprisonment for distributing drugs to a woman who died after consuming them and then attempting to impede an investigation into that conduct is so high that it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189. We therefore hold that the district court did not abuse its discretion in imposing the sentence it did.

* * *

We have considered Hoey's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court